UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80697-CIV-Singhal/Matthewman

LYNDA SCARBERRY DILLON,
Individually and as Personal
Representative of the Estate
of JOHN THOMAS DILLON,
IV, deceased,

    Plaintiff,
vs.

SUNBELT RENTALS, INC., a
foreign Corporation; JOHN DOE,
and VANDERLANS & SONS, INC.,
a foreign corporation,

    Defendants.

_____

### **ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR SANCTIONS [DE 113]**

**THIS CAUSE** is before the Court upon Plaintiff, Lynda Scarberry Dillon's ("Plaintiff") Renewed Motion for Sanctions Related to Defendant's Failure to Timely Disclose Information, Respond to Discovery, and Update Initial Disclosures ("Motion") [DE 113]. This matter was referred to the undersigned by the Honorable United States District Judge Raag Singhal. *See* DE 38. Defendant, Sunbelt Rentals, Inc., ("Sunbelt") has filed a response [DE 120], to which Plaintiff replied [DE 125]. The matter is ripe for review.

Plaintiff's Renewed Motion for Sanctions seeks to exclude the "green tags[1]" from evidence, or alternatively, to instruct the jury that Sunbelt's production of the green tags was

---

[1] Sunbelt's placement of a "green tag" on a pipe plug's rental paperwork indicates that the pipe plug has been inspected and is ready for rental. Such tags are also referred to as "rainbow tags."

1

untimely. In support of its request for sanctions, Plaintiff states that it deposed the manager of the Coral Springs Sunbelt Rentals store, Mr. Bedford, on May 5, 2020. Mr. Bedford allegedly testified that there was a file in his office related to this case that contained the four green tags attached to it, and that this file was present when he began working in this role in February 2018. Additionally, Plaintiff argues that Mr. Bedford was the person who signed off on Sunbelt's interrogatory responses, which indicated there were no green tags in Sunbelt's possession, in "late 2019." [DE 13, p. 3]. Plaintiff asserts that the evidence establishes that Defendant willfully failed to provide the green tags.

Sunbelt argues in response [DE 120] that it became aware of the green tags' location after its corporate representative's deposition, at which time counsel requested that Sunbelt recheck the corporate office for the original rental agreement and green tags. [DE 120]. Sunbelt argues that it could not locate them at the corporate office, so it asked the current manager of Coral Springs store, Mr. Bedford, to check at the local level. It was at this time that the original contract and the green tags attached were located. Sunbelt argues that the green tags were inadvertently misplaced and inadvertently not produced, and that they were produced once they were located. Sunbelt argues the issue is one of the timing of the production of the green tags, and Plaintiff is not prejudiced by the timing of the production.

In reply [DE 125], Plaintiff asserts that the only conclusion that one can reasonably draw is that Sunbelt deliberately removed the tags from the paperwork and then produced the paperwork.

## **Analysis**

The Court first notes that it previously entered an Order on this dispute at DE 110, which Order is incorporated herein.

Exclusion of evidence, especially critical evidence such as the green tags, is an extremely serious sanction. The Eleventh Circuit considers three factors when reviewing a court's decision to exclude undisclosed evidence as a sanction under Rule 37: (1) the importance of the evidence; (2) the reason for the party's failure to disclose the evidence; and (3) the prejudice to the opposing party. *Bearint ex rel. Bearint v. Dorel Juvenile Group*, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004); *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005).

The Court finds that the evidence at issue is important; indeed, it is critical. It is the same evidence that was addressed in the Court's previous order, dated May 5, 2020. [DE 110]. Accordingly, the Court will not restate its finding regarding the first element; i.e., that the evidence is important.

Regarding the second element, it remains clear that Sunbelt failed to timely disclose the green tags, despite its obligations under the Federal Rules of Civil Procedure. Plaintiff argues that Mr. Bedford's deposition testimony, which was not attached to the motion for sanctions, establishes that Sunbelt should have known that it was in possession of the green tags in February, 2018, when Mr. Bedford began working at Sunbelt. Sunbelt disagrees, arguing that the green tags' location was unknown until long after the corporate representative deposition in this case, when Mr. Bedford told counsel that the green tags were at the Coral Springs store. Nonetheless, the Court finds that Plaintiff has failed to meet its burden of establishing that the failure to disclose the evidence was the result of a deliberate attempt to obstruct the discovery process. *Am. Coach Lines of Orlando, Inc. v. N. Am. Bus Indus., Inc.*, 2011 WL 13298578, at *1 (M.D. Fla. Jan. 26, 2011) (party seeking exclusion of evidence bears the burden of demonstrating its entitlement to the same). Based on the record before the Court, the Court finds that there was no bad faith or

obstructive conduct on the part of Sunbelt or its counsel.

The Court rejects Plaintiff's argument that the only conclusion that can reasonably be drawn is that Sunbelt deliberately removed the tags from the paperwork and then disclosed only the paperwork without the green tags. This is a strong allegation, but Plaintiff's evidence supporting the allegation is decidedly weak. There are, in fact, alternate conclusions that can be drawn. One such reasonable conclusion, which the Court does draw, is that Sunbelt inadvertently failed to produce the green tags in a timely manner and subsequently did produce the green tags once they were discovered.

Regarding the third element, prejudice, the Court finds that Plaintiff has failed to establish any real prejudice which would justify the harsh sanction of exclusion of the evidence. Since the green tags were produced by Defendant while discovery was still ongoing, and since Plaintiff had the opportunity to take appropriate depositions after the green tags were produced, there is simply no prejudice to Plaintiff. Moreover, because of the remedial steps (including financial sanctions) taken by the Court in its prior order, *see* DE [110], any potential prejudice was eliminated.

The Court reiterates that this is not a case where the evidence was only discovered by Plaintiff at trial or on the eve of trial. Rather, Plaintiff was aware of the evidence at issue by February 25, 2020, nearly three months before the May 6, 2020 fact discovery cutoff. Nor was this a case where Defendant deliberately hid the evidence. In fact, it was Defendant's own employee, Mr. Bedford, who disclosed the existence of the green tags, and they were produced soon thereafter. This shows that there was no bad faith on the part of Defendant. The Court finds that both remedies sought by Plaintiff—exclusion of the evidence, or a jury instruction that the production was untimely—would thwart the search for justice in this case and are wholly

unnecessary under the facts of this case.

The Court notes that this is an important matter which implicates all parties' need for a full and fair discovery process. The Court has carefully considered the factors established by the Eleventh Circuit in arriving at a decision that is fair and equitable to all parties to this case.

Accordingly, it is hereby **ORDERED** that Plaintiff's Renewed Motion for Sanctions Related to Defendant's Failure to Timely Disclose Information, Respond to Discovery, and Update Initial Disclosures [DE 113] **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of July, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

5